ON PETITION FOB A BEHEABING.
Per Curiam.
A petition by the appellant for a rehearing, suggests some objections to the opinion, which, for the purpose of preventing any possible misconception of our meaning, we shall briefly notice. First. The opinion does not say directly or inferentially, that withdrawing members shall not be chargeable with their share of the losses incurred by the society prior to the service or perfecting of their respective notices of withdrawal. In this case it did not appear that prior to the plaintiff’s notice of withdrawal there were any losses, the question of such losses was not in the case, and in respect to the liability of withdrawing members for losses, the opinion is, in no respect, inconsistent with the opinion in Hawley v. Building and Loan Association, supra. Second. The society’s by-law to which we referred, fixed the rate of withdrawal, and until, in accordance with its provisions, another rate should be fixed by the board of directors, withdrawing members would be settled with on the basis of the rate fixed by the by-law, and that was the only rate in force when the plaintiff withdrew. The value, at that time, of the stock, as shown by the company’s books, appeared from the report of December 31, 1893. The secretary of the society, as a witness, identified that paper as the annual report of the society. His testimony fixed the character of the document, and it being the act of the society, the society was bound by it. The only grounds of objection to it were that it was incompetent, irrelevant and immaterial. But it was cempetent, because it was the society’s own statement, and it was relevant and material, be *313 cause it showed the book value of the stock. In the Hawley case it was sought to prove the withdrawal value of the stock by printed notices purporting to give such value, posted in the office of the defendant, but the defendant denied that it authorized the notices, or was responsible for them, and the plaintiff offered no evidence to connect the defendant with them. There was a complete failure of proof to fasten upon the defendant any responsibility for the notices, and we held that such proof was indispensable. That case and this differed in their facts, but in so far as like principles may be applicable to both, the doctrine announced in each, is the same.
The petition for a rehearing will be denied.